UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| DELILAH MARIE HAMPTON; and JAMILA BREELER,<br><br>Plaintiffs,<br><br>v.<br><br>COUNTY OF SAN JOAQUIN, et al.,<br><br>Defendants. | No. 2:16-cv-01816-MCE-AC<br><br>**MEMORANDUM AND ORDER** |

Through the present lawsuit, Plaintiff Delilah Marie Hampton seeks damages from Defendants San Joaquin County and fourteen individually-named San Joaquin County Sheriff's deputies, claiming that she was unreasonably restrained by the deputies, and subsequently arrested, after she reportedly caused a scene in a Superior Court courtroom. Plaintiff Hampton claims violations of her constitutional right to be free from unreasonable search and seizure pursuant to 42 U.S.C. § 1983 and further asserts various state law claims for false arrest, imprisonment and battery. She also contends that Defendant County is liable for the wrongdoing she alleges by failing to adequately train, supervise and discipline its deputies. In addition, Plaintiff Jamila Breeler asserts her own claim for negligent infliction of emotional distress as a result of contemporaneously observing the injuries sustained by her sister, Plaintiff Hampton.

Defendants County and thirteen of the individually named deputies[1] now move to dismiss Plaintiff's First Amended Complaint ("FAC") pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that it fails to allege any specific violations against any of the allegedly involved deputies, and consequently fails to state any claim upon which relief can be granted.[2]  As set forth below, Defendants' Motion is GRANTED.[3]

## BACKGROUND

On March 10, 2016, Plaintiff Hampton visited San Joaquin County Superior Court's facilities in Stockton, California, to observe a scheduled court proceeding.  After a short time inside the courtroom, Plaintiff alleges she was told to leave by Defendant San Joaquin Sheriff's Department Deputy Steve Head.  Once outside, Plaintiff claims that Deputy Head threw her against a wall and attempted to place her under arrest without probable cause or legal justification.  FAC, ¶¶ 12-14.  Shortly thereafter, Plaintiff Hampton claims she "was thrown to the ground and subjected by all DEFENDANTS to unreasonable and excessive force while PLAINTIFF was handcuffed." Id. at ¶ 15.  Aside from the allegations levied against Deputy Head described above, the FAC contains no further charging allegations against any of the thirteen other deputies claimed by Plaintiff Hampton to have acted improperly.

With regard to Plaintiff Breeler, the FAC states that she was "in close proximity" to her sister and consequently observed the injuries inflicted on her sister, causing Breeler "to suffer severe emotional distress." Id. at ¶ 16.

///

---

[1] Deputy Steve Head is not a moving party in the instant motion.

[2] Plaintiffs also include the City of Stockton as a named Defendant, apparently because a City of Stockton Police Officer, Defendant Tess Vallines, was also involved in the events underlying this litigation. Neither the City nor Officer Vallines, however, are parties to the present Motion.

[3] Having determined that oral argument would not be of material assistance, the Court ordered this matter submitted on the briefs in accordance with Local Rule 230(g).

1    Finally, in contending that the County bears responsibility for its deputies' alleged

2    misconduct, Plaintiffs state only in conclusory fashion that the County has "a duty to

3    adequately train, supervise, and discipline their deputy Sheriffs in order to protect

4    members of the public, including PLAINTIFF[S], from being harmed by such deputies

5    unnecessarily." Id. at ¶ 40.

6    Aside from these cursory allegations, the FAC contains no other factual detail with

7    respect to moving Defendants' claimed wrongdoing.

8

9    **STANDARD**

10

11    On a motion to dismiss for failure to state a claim under Federal Rule of Civil

12    Procedure 12(b)(6), all allegations of material fact must be accepted as true and

13    construed in the light most favorable to the nonmoving party. Cahill v. Liberty Mut. Ins.

14    Co., 80 F.3d 336, 337-38 (9th Cir. 1996). Rule 8(a)(2) "requires only 'a short and plain

15    statement of the claim showing that the pleader is entitled to relief' in order to 'give the

16    defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Bell

17    Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41,

18    47 (1957)). A complaint attacked by a Rule 12(b)(6) motion to dismiss does not require

19    detailed factual allegations. However, "a plaintiff's obligation to provide the grounds of

20    his entitlement to relief requires more than labels and conclusions, and a formulaic

21    recitation of the elements of a cause of action will not do." Id. (internal citations and

22    quotations omitted). A court is not required to accept as true a "legal conclusion

23    couched as a factual allegation." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting

24    Twombly, 550 U.S. at 555). "Factual allegations must be enough to raise a right to relief

25    above the speculative level." Twombly, 550 U.S. at 555 (citing 5 Charles Alan Wright &

26    Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004) (stating that the

27    pleading must contain something more than "a statement of facts that merely creates a

28    suspicion [of] a legally cognizable right of action")).

Furthermore, "Rule 8(a)(2) . . . requires a showing, rather than a blanket assertion, of entitlement to relief." Twombly, 550 U.S. at 555 n.3 (internal citations and quotations omitted). Thus, "[w]ithout some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirements of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests." Id. (citing Wright & Miller, supra, at 94, 95). A pleading must contain "only enough facts to state a claim to relief that is plausible on its face." Id. at 570. If the "plaintiffs . . . have not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed." Id. However, "[a] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of those facts is improbable, and 'that a recovery is very remote and unlikely.'" Id. at 556 (quoting Scheuer v. Rhodes, 416 U.S. 232, 236 (1974)).

A court granting a motion to dismiss a complaint must then decide whether to grant leave to amend. Leave to amend should be "freely given" where there is no "undue delay, bad faith or dilatory motive on the part of the movant, . . . undue prejudice to the opposing party by virtue of allowance of the amendment, [or] futility of the amendment . . . ." Foman v. Davis, 371 U.S. 178, 182 (1962); Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048, 1052 (9th Cir. 2003) (listing the Foman factors as those to be considered when deciding whether to grant leave to amend). Not all of these factors merit equal weight. Rather, "the consideration of prejudice to the opposing party . . . carries the greatest weight." Id. (citing DCD Programs, Ltd. v. Leighton, 833 F.2d 183, 185 (9th Cir. 1987)). Dismissal without leave to amend is proper only if it is clear that "the complaint could not be saved by any amendment." Intri-Plex Techs. v. Crest Group, Inc., 499 F.3d 1048, 1056 (9th Cir. 2007) (citing In re Daou Sys., Inc., 411 F.3d 1006, 1013 (9th Cir. 2005); Ascon Props., Inc. v. Mobil Oil Co., 866 F.2d 1149, 1160 (9th Cir. 1989) ("Leave need not be granted where the amendment of the complaint . . . constitutes an exercise in futility . . . .")).

///

///

**ANALYSIS**

Except for Deputy Steve Head, Plaintiffs fail to identify with any particularity whatsoever the role the remaining thirteen deputies played in the events underlying Plaintiffs' alleged injuries. Without any additional factual specificity, Plaintiffs have failed to make any showing that the deputies' use of force was either objectively unreasonable or excessive so as to support either Plaintiff Hampton's claims founded thereon.

Simply alleging that the deputies acted "unlawfully and unreasonably [in] using force against [Plaintiff Hampton] which was excessive and/or unnecessary under the totality of the circumstances" is nothing more than a conclusory legal allegation that fails to provide sufficient facts to enable the thirteen deputies to meaningfully respond to Plaintiffs' FAC. See FAC, ¶ 21. While the Court must construe the complaint in the light most favorable to Plaintiff and accept as true the factual allegations contained in her complaint, that rule does not apply to a legal conclusion couched as a fact. Johnson v. Shasta County, 83 F. Supp. 3d 918, 925 (E. D. Cal. 2015). Because this dearth of any factual specificity imbues each of the causes of action pled against the thirteen deputies by Plaintiff Hampton, as well as any claim for derivative liability against Defendant County for allowing any unlawful activity to occur,[4] Plaintiff Hampton's claims against said Defendants are plainly inadequate.

Moreover, with respect to the claim for negligent infliction of emotional distress asserted by Plaintiff Breeler, by alleging that Breeler was "in close proximity" to her sister and "experienced a contemporaneous sensory awareness of [her] injuries" (FAC, ¶ 16), Plaintiff Breeler appears to seek recovery under the so called "bystander" theory of liability articulated by the California Supreme Court in Thing v. La Chusa, 48 Cal. 3d 644 (1989). In order to state a cognizable cause of action in that regard, however, Plaintiff

---

[4] As indicated above, Plaintiff Hampton seeks to hold the County liable under 42 U.S.C. § 1983 on grounds that the County had a duty to adequately train, supervise and discipline its deputies to refrain from violating her constitutional rights, or that the County ratified such violations, under the rationale articulated by the Supreme Court in Monell v. Dept. of Social Services, 436 U.S. 658, 691 (1978).

Breeler must show 1) that she is closely related to the injured victim; 2) that she was present at the injury-producing event and aware that it was causing injury to the victim; and 3) that she suffered serious emotional distress beyond that typically anticipated as a disinterested witness.  Id. at 667-68.  "While physical injury [to the bystander plaintiff] is no longer required, the emotional distress must be such that 'a reasonable [person], normally constituted,' would be unable to endure it."  Akey v. Placer County, No. 2:14-cv-2402-KJM-KJN, 2015 WL 5138152 at * 8 (E.D. Cal. Sept. 1, 2015), citing  Molien v. Kaiser Found. Hospitals, 27 Cal. 3d 916, 928 (1980).

Here, in conclusorily alleging only that she suffered "severe emotional distress", without any further factual explication of just what she was or how it affected her, Plaintiff Breeler has not adequately pleaded a negligent infliction of emotional distress claim under a bystander theory of liability.

**CONCLUSION**

For all the foregoing reasons, Defendants' Motion to Dismiss (ECF No. 20) is GRANTED in its entirety.[5]  Plaintiffs may file an amended pleading not later than twenty (20) days after the date this Memorandum and Order should they wish to do so.  If no amended complaint is filed, the causes of action dismissed by virtue of this Order shall be deemed dismissed with prejudice upon no further notice to the parties.

///

///

///

///

///

---

[5] While moving defendants also claim they are entitled to qualified immunity under the circumstances of this matter, because the Court concludes that Plaintiffs' allegations are insufficient on their face to state any viable claim against said defendants, it need not address the qualified immunity at this time and declines to do so.

Because leave to amend is being accorded by this Memorandum and Order, Plaintiffs'
subsequently filed Motion for Leave to Amend First Amended Complaint (ECF No. 26) is
DENIED as moot.

IT IS SO ORDERED.

Dated:  June 29, 2017

MORRISON C. ENGLAND, JR.
UNITED STATES DISTRICT JUDGE