1  RICHARD C. WATTERS, ESQ. - 060162      (SPACE BELOW FOR FILING STAMP ONLY)
   AIDA S. MACEDO, ESQ. - 294632
2  LAW OFFICES OF
   **MILES, SEARS & EANNI**
   A PROFESSIONAL CORPORATION
3  2844 FRESNO STREET
   P.O. BOX 1432
   FRESNO, CALIFORNIA 93716
4  TELEPHONE (559) 486-5200

5  Attorneys for **Plaintiffs**

6

7

8                    UNITED STATES DISTRICT COURT

9                  EASTERN DISTRICT OF CALIFORNIA

10                             * * *

11  DELILAH MARIE HAMPTON; and    ) NO. 2:16-CV-01816-MCE-AC
    JAMILA BREELER,               )
12                                )
                   Plaintiffs,    )
13                                ) **SECOND AMENDED COMPLAINT**
    vs.                           ) **FOR DAMAGES FOR VIOLATION**
14                                ) **OF CIVIL RIGHTS**
    COUNTY OF SAN JOAQUIN-SHERIFF'S ) (42 U.S.C. SECTION 1983)
15  DEPARTMENT; CITY OF STOCKTON- )
    a municipal corporation; Deputy ) (**JURY TRIAL DEMANDED**)
16  STEVE HEAD, Sheriff's Department;)
    Deputy P. FORGACH, Sheriff's  ) 1. VIOLATION OF CONSTITUTIONAL
17  Department; Deputy BRIAN       )    RIGHT TO BE FREE FROM
    MORENO, Sheriff's Department;  )    UNREASONABLE SEARCHES
18  Deputy TERRY STANDART, Sheriff's )   AND SEIZURES
    Department; Sergeant JASON     )
19  WHELEN, Sheriff's Department;  ) 2. FALSE ARREST AND
    Deputy BOB JOHNSON, Sheriff's  )    IMPRISONMENT
20  Department; Deputy ADAM HERRERO, )
    Sheriff's Department; Sergeant ) 3. BATTERY
21  JODY TOWERS, Sheriff's         )
    Department; Deputy ROGER       ) 4. MONELL CLAIM AGAINST CITY
22  GILLINGWATER, Sheriff's        )    AND COUNTY
    Department; Lieutenant MIKE    )
23  ALAGNA, Sheriff's Department;  ) 5. NEGLIGENT INFLICTION OF
    Officer TESS VILLINES,         )    EMOTIONAL DISTRESS
24  Police Department; Deputy TERRY )
    SCHAEFFER, Sheriff's Department; ) **6. BANE ACT CLAIM UNDER CAL**
25  LOU GALIAZZO, Sheriff's        )    **CIV. CODE § 52.1**
    Department; Deputy PATRICK     )
26  CALLAHAN, Sheriff's Department; )
    Deputy GILBERT CHAVEZ, Sheriff's )
27  Department; and DOES 1-20,     )
                                   )
28                 Defendants.     )
    _____)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**INTRODUCTION**

1.   This action arises from the unlawful and unreasonably applied force, detention, and arrest of DELILAH MARIE HAMPTON a twenty year old African-American woman, by San Joaquin County Deputy Sheriffs STEVE HEAD, P. FORGACH, BRIAN MORENO, TERRY STANDART, JASON WHELEN,  BOB JOHNSON, ADAM HERRERO, JODY TOWERS, ROGER GILLINGWATER, MIKE ALAGNA, TERRY SCHAEFFER, LOU GALIAZZO, PATRICK CALLAHAN, GILBERT CHAVEZ and City of Stockton Police Officer TESS VILLINES on March 10, 2016 in Stockton, California. Plaintiff sues for the violation of civil rights pursuant to 42 U.S.C. Section 1983.

**JURISDICTION AND VENUE**

2.   Plaintiff sues for violation of civil rights pursuant to 42 U.S.C. Sections 1983, 1985(2), 1985(3). This court has jurisdiction over such claims pursuant to 28 U.S.C. Sections 1331 and 1343, 1367(b); 1391(b).

3.   The acts and omissions giving rise to Plaintiffs claims occurred in Stockton, California and therefore the appropriate venue for this action is the United States District Court for the Eastern District located in Sacramento, California.

4.   Plaintiff alleges that compliance with California Government Code §§ 900, et seq., is preempted by invocation of Federal Question Jurisdiction 28 U.S.C. §1331, and application of Williams v. Horvath, 16 Cal.3d 834 (1976), and County of Los Angeles v. Superior Court, 78 Cal.App.4th 212 (2000). Plaintiffs have alleged claims for relief arising under Fourth and Fourteenth Amendment to the Constitution and laws of the United States. Nevertheless, for the State Common Law claims, plaintiffs did file

- 2 -

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

Second Amended Complaint for Damages - Violation for Civil Rights.wpd

1  a governmental claim. **(See exhibits A and B to Plaintiffs' First**
2  **Amended Complaint).**

3  <center>**IDENTIFICATION OF PARTIES**</center>

4       5.   At all times relevant hereto, Plaintiff DELILAH MARIE
5  HAMPTON (hereafter also "Plaintiff"), is and was a resident of
6  California.

7       6.   At all times relevant hereto, Plaintiff JAMILA BREELER
8  (hereafter also "Plaintiff"), is and was a resident of California.

9       7.   At all times mentioned herein, defendant SAN JOAQUIN
10 COUNTY (hereafter also "COUNTY") is a governmental public entity
11 duly organized and existing under and by virtues of laws of the
12 State of California.

13      8.   At all times mentioned herein, defendant CITY OF STOCKTON
14 (hereafter also "CITY") is a municipal corporation duly organized
15 and existing under and by virtues of laws of the State of
16 California.

17      9.   At all times relevant herein, defendants STEVE HEAD, P.
18 FORGACH, BRIAN MORENO, TERRY STANDART, JASON WHELEN,  BOB JOHNSON,
19 ADAM HERRERO, JODY TOWERS, ROGER GILLINGWATER, MIKE ALAGNA, TERRY
20 SCHAEFFER, LOU GALIAZZO, PATRICK CALLAHAN, GILBERT CHAVEZ, were
21 residents of the County of San Joaquin, and were  Deputy Sheriffs,
22 sergeants, detectives, agents and representatives of the San
23 Joaquin County Sheriff's Department and employees, agents, and
24 representatives of the County of San Joaquin. At all times relevant
25 hereto, said defendants were acting within the course and scope of
26 their employment as a deputy, captain, sheriff, of the San Joaquin
27 County Sheriff's Department and committed the acts complained
28 herein while acting as such and is sued in their individual and

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

Second Amended Complaint for Damages - Violation for Civil Rights.wpd

1  official capacity.

2      10.  At all times relevant herein, defendant TESS VILLINES

3  (hereafter also "VILLINES"), was a resident of the City of

4  Stockton, and was a police officer, deputy Sheriff, sergeant,

5  detective, agent and representative of the City of Stockton Police

6  Department. At all times relevant hereto, said defendant was acting

7  within the course and scope of her employment as a police officer,

8  deputy, captain, sheriff, of the City of Stockton and committed the

9  acts complained herein while acting as such and is sued in her

10  individual and official capacity.

11      11.  The true names and capacities of defendants DOES 1

12  through 20 and therefore plaintiffs sue said defendants by such

13  fictitious names and will move to amend to insert the true names of

14  said defendants when the true names identities and acts giving rise

15  to their liability in regard to the above-entitled action, become

16  known to plaintiffs. Plaintiffs are informed and believe and

17  therefore allege that each of the defendants designated herein a

18  DOE defendant is responsible in some manner for the events and

19  happenings referred to herein.

20                      **FACTUAL ALLEGATIONS**

21      12.  On March 10, 2016 PLAINTIFF**S** visited the Superior Court

22  of California, County of San Joaquin located at 222 East Weber

23  Avenue, Stockton, California to observe a scheduled court

24  proceeding **as victims of an unrelated crime.**

25      13.  After a short time inside the courtroom, PLAINTIFF

26  **HAMPTON** was told **by DEFENDANT San Joaquin County Sheriff Deputy**

27  **HEAD** to exit the courtroom **for looking at her cell phone.** While

28  outside the courtroom **in the hallway,** HEAD had a brief conversation

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

1   with PLAINTIFF **HAMPTON in which he threatened her, coerced her, and**

2   **accused her of being under the influence. PLAINTIFF HAMPTON**

3   **responded that she was not under the influence. DEPUTY HEAD then**

4   **threatened and insisted that she leave the courthouse. PLAINTIFF**

5   **BREELER, Hampton's sister was inside the courtroom. PLAINTIFF**

6   **HAMPTON explained to DEPUTY HEAD that she was with her sister and**

7   **had to retrieve her car keys to leave the courthouse when DEFENDANT**

8   **DEPUTY HEAD suddenly threw her with full force against the wall in**

9   **the courthouse hallway. PLAINTIFF HAMPTON weighed approximately 120**

10  **pounds and collapsed to the ground. PLAINTIFF HAMPTON called out**

11  **for help and her sister PLAINTIFF BREELER came outside the**

12  **courtroom into the hallway area.**

13       14.   DEFENDANT HEAD **called in something to his radio and**

14  **within seconds fourteen other unidentified Officer DEFENDANTS**

15  **arrived at the scene unlawfully applying excessive force to**

16  **plaintiff HAMPTON'S person. DEFENDANTS collectively** unlawfully

17  attempted to place **plaintiff HAMPTON** under arrest **by using unlawful**

18  **and excessive force to keep her on the ground** without probable

19  cause or legal justification. It appears that the arrest was at

20  least in part racially motivated. **The fifteen officers used**

21  **unreasonable and excessive force by using their collective force**

22  **against a single 120 pound woman on the courthouse ground.**

23       15.   PLAINTIFF **HAMPTON** was subjected by all DEFENDANTS to

24  unreasonable and excessive force while PLAINTIFF **HAMPTON** was

25  handcuffed **by one of the unidentified Officers DEFENDANTS.**

26  PLAINTIFF was unjustifiably arrested and criminally charged **without**

27  **legal justification** in violation of her civil rights.

28       16.   **ALL DEFENDANTS OFFICERS failed to intervene in the**

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

Second Amended Complaint for Damages - Violation for Civil Rights.wpd

1  violation of PLAINTIFF HAMPTON's constitutional rights when

2  DEFENDANT HEAD initially detained and used excessive force against

3  plaintiff HAMPTON.

4      17.  Said DEFENDANTS willfully injured, intimidated,

5  interfered with, oppressed, assaulted, intimidated, coerced,

6  threatened, held, restrained and battered PLAINTIFF HAMPTON and

7  held her against her will, without her consent, by use of force and

8  the instilling of reasonable fear.

9      18.  PLAINTIFF JAMILA BREELER is sister of PLAINTIFF DELILAH

10 HAMPTON. PLAINTIFF JAMILA BREELER was in close proximity in the

11 hallway approximately 5' to her sister as the above-described

12 incident took place and experienced a contemporaneous sensory

13 awareness of injuries sustained by Delilah Hampton at that time,

14 causing PLAINTIFF JAMILA BREELER to suffer severe emotional

15 distress including pain and suffering, shock and injury to her

16 nervous systems, humiliation, extreme and severe mental anguish,

17 acute anxiety, emotional and physical distress, fear, and

18 depression, all to her damage and detriment. PLAINTIFF BREELER

19 suffered from fear and anguish from what happened to her sister,

20 filing a complaint with the City of Stockton Police Department, and

21 filming the incident as it happened.

22                    **FIRST CAUSE OF ACTION**

23 **VIOLATION OF CONSTITUTIONAL RIGHT TO BE FREE FROM UNREASONABLE**
   **SEARCHES AND SEIZURES**

24            [PLAINTIFF HAMPTON AGAINST ALL DEFENDANTS]

25     19.  Plaintiff HAMPTON restates and reiterates each and all of

26 the paragraphs and allegations set forth above, and make them part

27 of this cause of action as though fully set forth here.

28     20.  This action is brought pursuant to 42 U.S.C. §1983 and

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

1  the Fourth Amendment of the Constitution.

2      **21.** At all times relevant hereto, PLAINTIFF HAMPTON possessed

3  the right, guaranteed by the Fourth Amendment of the United States

4  Constitution to be free from unreasonable searches and seizures by

5  peace officers acting under the color of law.

6      **22.** As described above, all DEFENDANTS, and DOES 1 through 20

7  violated PLAINTIFF HAMPTON's Fourth Amendment rights by unlawfully

8  and unreasonably detaining, handcuffing, arresting and imprisoning

9  her without reasonable suspicion or probably cause.

10     **23.** DEFENDANTS violated PLAINTIFF HAMPTON's Fourth Amendment

11 rights by unlawfully and unreasonably using force against her,

12 which was excessive and/or unnecessary under the totality of the

13 circumstances.

14     **24.** DEFENDANTS acted specifically with the intent to deprive

15 PLAINTIFF of her constitutional rights under the Fourth Amendment

16 to be free from unreasonable seizures.

17     **25.** As a direct and proximate result of the acts, conduct and

18 omissions of DEFENDANTS, PLAINTIFF HAMPTON was made to lose her

19 freedom and liberty for the period described above, in violation of

20 the Fourteenth Amendment's procedural and substantive due process

21 guarantees. During said incarceration and criminal prosecution

22 plaintiff suffered personal and bodily injuries, and during said

23 time she suffered and continues to suffer, severe and emotional

24 psychological pain, suffering, anxiety, depression, anguish, shock,

25 and fear. PLAINTIFF HAMPTON will require to hire medical

26 specialists for treatment and therapy for her injuries.

27     **26.** The aformentioned acts of said DEFENDANTS were willful,

28 wanton, malicious, and oppressive and said misconduct shocks the

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

Second Amended Complaint for Damages - Violation for Civil Rights.wpd

conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants, except the COUNTY which is statutorily immune.

WHEREFORE, plaintiffs pray judgment against the defendants named herein above, and each of them, as hereinafter set forth.

## SECOND CAUSE OF ACTION

### FALSE ARREST AND IMPRISONMENT
[all DEFENDANTS]

**27.** Plaintiff HAMPTON restates and reiterates each and all of the paragraphs and allegations set forth above, and make them part of this cause of action as though fully set forth here.

**28.** PLAINTIFF HAMPTON was wrongfully arrested by DEFENDANTS, who had no warrant for her arrest or probable cause to arrest her.

**29.** PLAINTIFF HAMPTON was harmed by the arrest and imprisonment of her.

**30.** The actions of DEFENDANTS were a substantial factor in causing PLAINTIFF HAMPTON harm.

**31.** PLAINTIFF HAMPTON has suffered and will suffer economic and noneconomic damages according to proof and in excess of the minimum jurisdiction of this court.

**32.** The aformentioned acts of said DEFENDANTS were willful, wanton, malicious, and oppressive and said misconduct shocks the conscience thereby justifying the awarding of exemplary and punitive damages as to all non-municipal defendants, except the COUNTY which is statutorily immune.

## THIRD CAUSE OF ACTION

### BATTERY
[PLAINTIFF HAMPTON against ALL DEFENDANTS]

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

1  **33.** PLAINTIFF HAMPTON restates and reiterates each and all of
2  the paragraphs and allegations set forth above, and make them part
3  of this cause of action as though fully set forth here.

4  **34.** DEFENDANTS and each of them touched plaintiff **when using
5  unreasonable force, holding her down on the ground against her
6  will, DEFENDANT HEAD** threw her against the wall and ground as
7  alleged hereinabove, **all** with the intent to harm and offend
8  PLAINTIFF HAMPTON.

9  **35.** PLAINTIFF HAMPTON did not consent to the touching.

10  **36.** PLAINTIFF HAMPTON was harmed and injured by the touching.

11  **37.** PLAINTIFF HAMPTON has suffered and will suffer economic
12  and noneconomic damages according to proof and in excess of the
13  minimum jurisdiction of this court.

14  **38.** The aforementioned acts of said DEFENDANTS were willful,
15  wanton, malicious, and oppressive and said misconduct shocks the
16  conscience thereby justifying the awarding of exemplary and
17  punitive damages as to all non-municipal defendants, except the
18  COUNTY which is statutorily immune.

19  **39.** Wherefore, plaintiffs pray judgment against defendants,
20  and each of them, as set forth below.

21  **FOURTH CAUSE OF ACTION**

22  **MONELL CLAIM AGAINST CITY AND COUNTY**

23  **40.** PLAINTIFFS restate and reiterate each and all of the
24  paragraphs and allegations set forth above, and make them part of
25  this cause of action as though fully set forth here.

26  **41.** DEFENDANT CITY had a duty to adequately train, supervise,
27  and discipline their police officers in order to protect members of
28  the public, including PLAINTIFF, from being harmed by the police

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

- 9 -

1   unnecessarily.

2      **42.** DEFENDANT COUNTY had a duty to adequately train,

3   supervise and discipline their deputy Sheriffs in order to protect

4   members of the public, including PLAINTIFF, from being harmed by

5   such deputies unnecessarily.

6      **43.** Said DEFENDANTS were deliberately indifferent to such

7   duties **and had a longstanding practice or custom which constitutes**

8   **the "standard operating procedure" not to follow proper training**

9   and thereby proximately caused injury to PLAINTIFF as complained

10  herein.

11     **44. The above-stated violation of PLAINTIFF HAMPTON's**

12  **constitutional rights occurred as a result of the deliberate,**

13  **reckless, and malicious acts, omissions, and practices of DEFENDANT**

14  **CITY and DEFENDANT COUNTY in at least the following ways: approval,**

15  **ratification, encouragement, and authorization of excessive use of**

16  **force by its officers, including in this case, and deliberate**

17  **indifference to the CITY and COUNTY's failure to properly train and**

18  **supervise its officers in both the proper response in these**

19  **situations and the lawful use of force, despite their knowledge of**

20  **a pattern of excessive force by the CITY and COUNTY. These acts,**

21  **omissions, and policies contributed and led to the violation of**

22  **constitutional rights for PLAINTIFF HAMPTON.**

23                      **FIFTH CAUSE OF ACTION**

24              **NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS**

25     **45.** PLAINTIFFS restate and reiterate each and all of the

26  paragraphs and allegations set forth above, and make them part of

27  this cause of action as though fully set forth here.

28     **46.** PLAINTIFF BREELER is sister of PLAINTIFF HAMPTON.

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

Second Amended Complaint for Damages - Violation for Civil Rights.wpd

1  PLAINTIFF JAMILA BREELER was in close proximity to her sister as
2  the above-described incident took place and experienced a
3  contemporaneous sensory awareness of injuries sustained by DELILAH
4  HAMPTON at that time, causing PLAINTIFF JAMILA BREELER to suffer
5  severe emotional distress. **PLAINTIFF BREELER sustained severe and**
6  **emotional injuries, including, but not limited to, great emotional**
7  **distress and shock to the nerves and nervous system, as well as**
8  **humiliation, horror, grief, fright, shame, ridicule and**
9  **embarrassment. PLAINTIFF BREELER suffered from fear and anguish**
10 **from what happened to her sister, filing a complaint with the City**
11 **of Stockon Police Department and filming the incident as it**
12 **happened.**

13     47.   As a direct and proximate result of the acts, conduct and
14 omissions of DEFENDANTS, PLAINTIFF BREELER sustained severe and
15 emotional injuries, including, but not limited to, great emotional
16 distress and shock to the nerves and nervous system, as well as
17 humiliation, horror, grief, fright, shame, ridicule and
18 embarrassment. **PLAINTIFF BREELER suffered from fear and anguish**
19 **from what happened to her sister, filing a complaint with the City**
20 **of Stockton Police Department and filming the incident as it**
21 **happened.**

22                        **SIXTH CAUSE OF ACTION**

23            **BANE ACT CLAIM UNDER CAL. CIV. CODE § 52.1**
               **[PLAINTIFF HAMPTON against ALL DEFENDANTS]**
24

25     **48.   PLAINTIFF HAMPTON restates and reiterates each and all**
26 **of the paragraphs and allegations set forth above, and make them**
27 **part of this cause of action as though fully set forth here.**

28     **49.   DEFENDANTS interfered with PLAINTIFF HAMPTON'S right to**

- 11 -

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716

1    **be free from unreasonable searches and seizures by verbally**

2    **threatening her and committing violent acts of excessive force,**

3    **verbal threats, and physical threats of having sixteen law**

4    **enforcement officers against her body.**

5         **50.   PLAINTIFF HAMPTON reasonably believed if she exercised**

6    **her right to be free from unreasonable searches and seizures**

7    **DEFENDANTS would commit violence against her.**

8         **51.   As a direct and proximate result of the acts, conduct**

9    **and omissions of DEFENDANTS, PLAINTIFF HAMPTON was harmed**

10    **physically and sustained severe and emotional injuries,**

11    **including, but not limited to, great emotional distress and shock**

12    **to the nerves and nervous system, as well as humiliation, horror,**

13    **grief, fright, shame, ridicule and embarrassment.**

14    WHEREFORE plaintiffs pray judgment against all DEFENDANTS;

15    and DOES 1-20, and each of them, as follows:

16         a.   For general damages according to proof;

17         b.   For special damages according to proof;

18         c.   For costs of suit;

19         d.   For prejudgment interest as allowed by law;

20         e.   Attorneys' fees, as allowed by statutes;

21         f.   Punitive damages according to proof;

22         g.   For such other and further relief as the court may

23            deem proper.

24    DATED: July 3, 2017

25                     MILES, SEARS & EANNI

26

27                     By: /s/ Aida S. Macedo

                          AIDA S. MACEDO

28                          Attorneys for Plaintiffs

LAW OFFICES OF
MILES, SEARS & EANNI
A PROFESSIONAL CORPORATION
2844 FRESNO STREET
POST OFFICE BOX 1432
FRESNO, CALIFORNIA 93716